UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Janice Pryor, | : | Case No. 1:16-cv-312 |
| Plaintiff, | : | |
| vs. | : | |
| State Farm Mutual Automobile Insurance Company, | : | |
| Defendant. | : | |

**ORDER**

Plaintiff Janice Pryor was involved in an automobile accident that was caused by another driver's negligence. She settled her negligence claim with the tortfeasor and his insurance company by accepting the maximum limits of his coverage. She then made a claim for uninsured/underinsured motorists coverage from her own automobile insurer, Defendant State Farm, contending that the tortfeasor's insurance was insufficient to compensate her for her injuries and damages. When she and State Farm could not resolve her UM/UIM claim, she filed a lawsuit against State Farm in the Ohio state court on January 11, 2016. State Farm filed a notice of removal on February 16, 2016, alleging that this Court has diversity jurisdiction of the action because Plaintiff and State Farm are citizens of different states and Plaintiff's claim exceeds $75,000. (Doc. 1)

Plaintiff filed a motion to amend her complaint (Doc. 7) and a motion to remand the case to state court (Doc. 8). Her motion to amend seeks to add a claim against the Ohio Department of Jobs and Family Services ("ODJFS"). Plaintiff states that she is a Medicaid recipient, that ODJFS paid for medical care she needed after the automobile accident, and ODJFS has an interest in or equitable lien against any recovery she

obtains from State Farm.  Her motion to remand contends that if the motion to amend is granted, complete diversity will not exist.  The motion also argues that subject matter jurisdiction does not exist here, relying on the direct action exception of 28 U.S.C. §1332(c)(1).  Both motions are fully briefed.

    <u>Motion to Amend</u>: Leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. Proc. 15(a)(2).  The Court has broad discretion to grant or deny a request to amend a complaint.  Factors to consider in the exercise of that discretion include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

    State Farm opposes the motion to amend.  (Doc. 12)  State Farm cites Plaintiff's statement that she already satisfied a Medicaid lien from the proceeds of her settlement with the tortfeasor.  It suggests that the motion to amend is simply a thinly-veiled effort to destroy diversity jurisdiction.  State Farm also argues that the attempt to join ODJFS, an agency of the State of Ohio, in this private lawsuit is in derogation of the Eleventh Amendment.  An Ohio statute grants an "automatic right of recovery" to the state's Medicaid program and county departments that administer that program for any costs paid on behalf of a Medicaid recipient.  See Ohio Rev. Code 5160.37(A).  Another section of that statute gives ODJFS the right to intervene or join in any lawsuit filed by a Medicaid recipient against a potentially liable party.  ODJFS has not sought to do so here, and its automatic statutory lien rights fully protect whatever interest may arise in the future concerning a potential lien.  Alternatively, if the Court grants Plaintiff's motion,

State Farm contends that ODJFS should be realigned as an involuntary party plaintiff, because its interests are more closely aligned with Plaintiff's interests in this case.

Plaintiff responds that she in fact incurred additional medical expenses after the date of her settlement with the tortfeasor. Her complaint alleges that she incurred such expenses and will continue to do so in the future. And her motion to amend contends that her post-settlement expenses "have been paid or may be paid in the future" by Medicaid. (Doc. 8 at 3) She argues that if this case is resolved without satisfying Medicaid's lien interest, Medicaid could bring a separate action against her, her lawyer, or State Farm in order to recoup the amount of its lien. To ensure that all issues arising from this case can be fully resolved in this proceeding, ODJFS should be joined as a party defendant so that it may assert a counter-claim against Plaintiff.

The Court denies Plaintiff's motion to add ODJFS as an involuntary party to this case. The Eleventh Amendment bars federal courts from asserting jurisdiction over actions against a state or one of its departments. "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985). There is no evidence that the State of Ohio has waived its immunity in this situation. And in adopting the Medicaid program, Congress did not override or pre-empt a state's Eleventh Amendment immunity. As the Ohio Court of Appeals noted in Encompass Indemnity Co. v. Bates, 2012-Ohio-4503 (Ohio 10th App. Dist., Sept. 28, 2012), a state that chooses to join the Medicaid program must comply with certain federal statutory requirements, one of which is to require the state to seek reimbursement from third parties who are liable to the participant. Ohio complied with

-3-

this requirement by adopting Ohio Rev. Code 5160.37, which plainly does not waive the otherwise applicable immunity of the state.

Even if the Eleventh Amendment were no impediment, the statute which governs ODJFS' statutory right to recover costs places the burden on the Medicaid recipient to notify ODJFS of her attempts to recover damages. Ohio Rev. Code 5160.37(C) states that a recipient and her attorney must cooperate with ODJFS, and must "... not later than thirty days after initiating informal recovery activity or filing a legal recovery action against a third party, provide written notice of the activity or action to the department of medicaid or county department if it has paid for medical assistance ...". Subsection (E) of that statute forbids a Medicaid recipient from entering into a settlement, or obtaining a final judgment or award, without giving ODJFS (or the appropriate county department) written notice and a reasonable opportunity to perfect its statutory right of recovery. Failure of the recipient to do so renders the recipient and her attorney liable for reimbursement of the expenses.

The statutory scheme adopted by the Ohio Legislature puts the burden upon the Plaintiff to notify ODJFS of her attempts to recover damages, and permits ODJFS a reasonable opportunity to act to protect its rights. Plaintiff makes no argument that ODJFS is an indispensable party to this case, and the statute clearly protects ODJFS and permits it to intervene if it should choose to do so. The Court will therefore deny Plaintiff's motion seeking to join ODJFS involuntarily as a party to this case.

<u>Motion to remand</u>: Plaintiff contends that complete diversity is lacking between her and State Farm, relying on the direct action exception of 28 U.S.C. §1332(c)(1). The statute states that "... in any direct action against the insurer of a policy or contract

of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen ...". This statutory provision does not apply to this case. Ohio law does not permit direct actions (suits brought directly against a tortfeasor's liability insurer) unless a plaintiff has already obtained a judgment against the tortfeasor that has not been paid. And here, Plaintiff is suing her own insurance company, not seeking liability coverage from the tortfeasor's insurer. The citizenship of the underlying tortfeasor is not imputed to State Farm, and complete diversity exists.

In Ljuljdjuraj v. State Farm, 774 F.3d 908 (6th Cir. 2014), the Sixth Circuit held that a suit against the insurer of a vehicle plaintiff was driving at the time of her accident was not a direct action for purposes of 28 U.S.C. §1332(c)(1). Plaintiff sought personal injury no-fault coverage from the vehicle's insurer, whose policy provided such coverage to "any person occupying your car" as required by Michigan law. The plaintiff was therefore an insured person under the policy's terms. The court held that the direct action provision "... does not apply to suits brought by an insured against her own insurer because such a suit is not a 'direct action against the insurer of a policy or contract of liability insurance." Id. at 910. That situation exists here, as Plaintiff is suing her own insurer for UM/UIM coverage.

Plaintiff cites Ford Motor Co. v. Insurance Co. of North America, 669 F.2d 421 (6th Cir. 1982) to argue that the direct action exception should apply to her claim. That case involved Ford's claim for property damage benefits under Michigan's no-fault law against the insurer of a contractor's truck, which Ford alleged had caused an explosion at one of its plants. The Michigan no-fault law requires vehicle insurers to cover

-5-

accidental property damage arising out of the ownership, operation or use of the vehicle.  The Sixth Circuit found that the direct action provision applied in that case, because the Michigan no-fault property damage law operates exactly as direct action statutes operate: "... it permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle."  Id. at 913.  In this case, however, Plaintiff is not suing the insurer of a tortfeasor's vehicle, she is suing her own insurer.

Moreover, in Ljuljdjuraj, the Sixth Circuit specifically distinguished the result reached in Ford because the property damage benefit required by the Michigan no-fault statute is third-party coverage, while the personal protection benefit at issue in Ljuljdjuraj is first-party coverage.  That is, personal protection coverage extends to individuals that are identified in the policy: the named insured, relatives, and any occupants of the named insured's vehicle.  These insured persons are known before any accident occurs, while property damage claimants cannot be known or identified until after an accident occurs that involves an insured vehicle.

Ohio's uninsured/underinsured motorists coverage is comparable to Michigan's personal protection benefits, and is unlike the property damage coverage discussed in Ford, because an insured purchases UM/UIM coverage from her own insurer.  For that reason, Ljuljdjuraj supports State Farm's contention that the direct action provision does not apply in this case.  One Ohio district court applied Ljuljdjuraj to deny a motion to remand a case involving a claim for Ohio UM/UIM coverage.  In Starcher v. State Farm, 2015 U.S. Dist. LEXIS 129183, *4 (N.D. Ohio, Sept. 25, 2015), Judge Gwin concluded that in this circuit, "the direct action proviso does not apply in cases where Plaintiffs

bring an action against their own uninsured motorist carrier."   This Court reaches the same conclusion here.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to amend (Doc. 7) and her motion to remand (Doc. 8) are both denied.

SO ORDERED.

DATED: May 10, 2016

<u>s/Sandra S. Beckwith</u>
Sandra S. Beckwith, Senior Judge
United States District Court