UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANICE PRYOR,            Case No. 1:16-cv-312

    Plaintiff,               Judge Timothy S. Black

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE
BAD FAITH CLAIM AND STAY DISCOVERY (Doc. 20)**

### I. INTRODUCTION

This case arises out of an automobile insurance accident involving Plaintiff Janice Pryor that occurred on January 15, 2014, and the subsequent denial of her underinsured motorist (UIM) insurance claim by Defendant State Farm Mutual Automobile Insurance Company, who was Plaintiff's insurer. Plaintiff has raised claims alleging breach of contract and bad faith against Defendant. On July 25, 2016, Defendant filed the present motion to bifurcate the bad faith cause of action from the breach of contract cause of action and to stay discovery on the bad faith cause of action. (Doc. 20).

### II. STANDARD OF REVIEW

Rule 42 of the Federal Rules of Civil Procedure provides in part as follows:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

1

Fed.R.Civ.P. 42(b). Only one of the three factors need be met to justify bifurcation. *See Saxion v. Titian-C-Mfg., Inc.,* 86 F.3d 553, 556 (6th Cir.1996).

Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases. *Chubb Custom Ins. Co. v. Grange Mutual Cas. Co.,* No. 2:07-CV-1285, 2008 U.S. Dist. LEXIS 91496 at *5-6, 2008 WL 4823069 (S.D. Ohio Nov. 3, 2008) (Smith, J.). While courts have almost unfettered discretion as to the manner and order in which they conduct trials, a decision ordering bifurcation should be grounded in the facts and circumstances of each case. *Hoffman v. Merrel Dow Pharmaceuticals (In re Bendectin Litigation),* 857 F.2d 290, 316 (6th Cir.), *cert denied,* 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989). In determining whether bifurcation is appropriate, the court should consider potential prejudice to the parties, possible juror confusion, and any convenience and economy that would likely result. *Martin v. Heideman,* 106 F.3d 1308, 1311 (6th Cir.1997). Because "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course," the party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion. Wright & Miller, *Federal Practice and Procedure* § 2388 (2d ed.2006).

Trial courts also have broad discretion to stay discovery pending resolution of preliminary questions that may be case dispositive. *See Smith v. Allstate Ins. Co.,* 403 F.3d 401, 407 (6th Cir.2005). Pursuant to Federal Rule of Civil Procedure 26(c), a court

2

has the power to impose a stay of discovery and to specify its terms and conditions, and to otherwise limit discovery.

### III. ANALYSIS

Defendant's motion seeks two Orders from the Court. First, Defendant asks the Court to bifurcate Plaintiff's breach of contract claim and bad faith claim into separate trials. (Doc. 20, at 1). Second, Defendant asks the Court to impose a stay on discovery relating to Plaintiff's bad faith claim until the breach of contract claim is resolved, whether through trial or settlement. (*Id.*).

Defendant's motion to bifurcate the trial cites two sources of statutory authority: Federal Rule of Civil Procedure 42, quoted above, and Ohio Revised Code § 2315.21, which states:

> (B)(1) In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated as follows:
>
> (a) The initial stage of the trial shall relate only to the presentation of evidence, and a determination by the jury, with respect to whether the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant. During this stage, no party to the tort action shall present, and the court shall not permit a party to present, evidence that relates solely to the issue of whether the plaintiff is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.
>
> (b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant, evidence may be presented in the second stage of the trial, and a determination by that jury shall be made, with respect to whether the plaintiff additionally is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

> (2) In a tort action that is tried to a jury and in which a plaintiff makes a claim for both compensatory damages and punitive or exemplary damages, the court shall instruct the jury to return, and the jury shall return, a general verdict and, if that verdict is in favor of the plaintiff, answers to an interrogatory that specifies the total compensatory damages recoverable by the plaintiff from each defendant.

O.R.C. § 2315.21(B).

Plaintiff's response appears to concede the Ohio Revised Code's position on bifurcation, and accordingly does not object. (Doc. 21, at 1). However, because bifurcation is a procedural, and not substantive, matter, it is Rule 42 alone that controls this Court's decision making process with regards to whether bifurcation is appropriate. *See Piskura v. Taser Intern., Inc.*, 2013 WL 3270358, at *2 ("[N]umerous cases have held § 2315.21(B) is entirely irrelevant to the issue of bifurcation [in federal court] because bifurcation is a procedural matter governed by federal law.") (quoting *C.B. Fleet Co., Inc. v. Colony Specialty Ins Co.*, 2013 WL 1908098, at *5 (N.D. Ohio 2013)).

Defendant's motion argues that allowing both claims to move forward simultaneously, including allowing discovery to proceed on Plaintiff's bad faith claim before the resolution of her breach of contract claim, will prejudice Defendant's defense of the breach of contract claim. (Doc. 20, at 2). Allegedly, allowing Plaintiff to make discovery related to bad faith would necessarily give Plaintiff insight on Defendant's litigation strategy related to the breach of contract claim, which would put Defendant at a disadvantage. (*Id.*).

Defendant's motion cites several Ohio cases to support the argument that this case should be bifurcated and discovery on Plaintiff's bad faith claims should be stayed. In

4

*Boone v. Valiner Insurance Company*, 91 Ohio St. 3d 209, 213–14 (Ohio 2001), the Ohio Supreme Court held that "in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage." The *Boone* court further held that "if the trial court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim." (*Id.* at 214). In *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258 (2003), the court held that upon motion of an insurer to bifurcate, it was an abuse of discretion for a trial court not to bifurcate the bad faith claims and stay discovery regarding the bad faith in a case such as this. The *Garg* court recognized the prejudice to the insurer that would likely result from discovery regarding bad faith prior to the time the underlying claims had been resolved by trial or settlement.

However, these cases do not require a reviewing court bifurcate a claim or stay discovery in all instances. *Woods v. State Farm Fire & Casualty Company*, 2010 WL 1032018 (S.D. Ohio Mar. 16, 2010), is instructive on the standards used in federal courts to evaluate whether bifurcation or a stay in discovery on bad faith claims is justified:

> As other federal courts have observed, however, *Boone* and *Garg* do not stand for the proposition that defendants in bad-faith cases faced with such disclosure will always suffer prejudice or that a stay of discovery on the bad-faith issues is always justified. *See Bondex Int'l, Inc. v. Hartford Accident & Indemn. Co.*, No. 1:03-CV-1322, 2004 U.S. Dist. LEXIS 28795 at *12 (N.D. Ohio Feb. 19, 2004). These courts have instead considered whether bifurcation or a stay is appropriate according to the circumstances in each individual case. *Maxey v. State Farm Fire & Cas. Co.*, 569 F.Supp.2d 720, 723 (S.D.Ohio 2008). A defendant cannot rely on mere

5

assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required. *See Bondex* at *14 n. 6; *Gaffney v. Federal Ins. Co.,* No. 5:08-CV-76, 2008 U.S. Dist. LEXIS 64450 at *5-6, 2008 WL 3980069 (N.D. Ohio Aug.21, 2008). Similarly, a defendant may not rely on the mere possibility that resolution of the coverage issue may preclude plaintiff's bad-faith claim. *See General Electric Credit Union v. National Fire Ins.,* No. 1:09-CV-143, 2009 U.S. Dist. LEXIS 96085 at *15, 2009 WL 3210348 (S.D. Ohio Sep. 30, 2009). Where defendants have not sustained their burden of proof, motions to bifurcate and to stay have been denied.

*Woods*, 2010 WL 1032018, at *3. Accordingly, a defendant must articulate specific facts based on the circumstances of his or her individual case to sustain the burden of proof and justify bifurcation.

After reviewing the status of the case thus far, the Court holds that it would be premature to order bifurcation at such an early stage in the discovery proceedings. Defendants have not yet presented the Court with *specific* information related to judicial economy, potential prejudice, or convenience to the parties to suggest that bifurcation is required here. Given the preference for a single trial, the Court accordingly finds that dismissal of the motion to bifurcate as premature is appropriate.

It would also be premature for the Court to order a stay on discovery related to Plaintiff's bad faith claim. Defendant argues that it cannot adequately prepare a defense to Plaintiff's breach of contract claims if Plaintiff is allowed to "probe the party opponent's assessments and strategies for defending the case" via discovery on her bad faith claims. (Doc. 20, at 2). Such a generalized assertion of prejudice, without more, is insufficient to support a discovery stay, especially considering that enforcing a stay in

discovery would result in a significantly less convenient, more expensive process on the whole than allowing for all discovery to take place simultaneously.

Plaintiff may seek to discover certain materials that are ultimately subject to a stay pending the outcome of a trial on the breach of contract claim because Defendants can make a specific showing of prejudice based on the material sought. Defendants may make such specific objections when warranted, and should these objections be successful, it may become necessary to bifurcate Plaintiff's bad faith claim from her breach of contract claims. However, as the current motion is supported only by generalized objections and no specific showing of prejudice, a blanket stay on discovery related to Plaintiff's bad faith claims is inappropriate at this time.

### IV. CONCLUSION

Accordingly, for the reasons outlined above, Defendant's motion to bifurcate bad faith cause of action and stay discovery (Doc. 20) is **DENIED** as premature.

**IT IS SO ORDERED.**

Date: 1/23/17

s/ Timothy S. Black
Timothy S. Black
United States District Judge